UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHASE ANDERSON ROMAGNANO,
    Plaintiff,

vs.                                                      Case No.: 3:22cv21803/RV/ZCB

PENSACOLA NEWS JOURNAL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a *pro se* civil rights complaint that includes a request for an "immediate" and "emergency" injunction, which the Court construes as a motion for a preliminary injunction. (Doc. 1).[1] For the reasons below, Plaintiff is not entitled to a preliminary injunction.

### I.    Background

In a complaint that is illegible at points and overall hard to follow, Plaintiff names five defendants. Four of the defendants are news outlets: the Pensacola

---

[1] Plaintiff is proceeding *in forma pauperis*. As a result, the Court is required to screen his complaint under 28 U.S.C. § 1915(e) to ensure it is not frivolous, malicious, or subject to dismissal for suing an immune defendant or failure to state a claim. *See Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners[,] and non-prisoners alike.").

1

News Journal, WKRG, WALA, and WPMI. (*Id*. at 3-4). The fifth defendant is the Escambia County Supervisor of Elections Office. (*Id.*). As best the Court can tell, Plaintiff is seeking an order compelling the four news outlets named as defendants to provide media coverage of his campaign for a position on the Emerald Coast Utility Authority. (*Id.* at 5-7). According to Plaintiff, the named news outlets have refused to provide him with the same coverage as his competitor, Lois Benson. (*Id.*). It also appears that Plaintiff has submitted op-eds in support of his candidacy, which the news outlets have failed to publish. (*Id.* at 12-13). Plaintiff also alleges that WKRG, WALA, and WPMI have violated an unspecified Florida social media law that "barred social media outlets form censoring political candidates." (*Id.* at 14).

Plaintiff alleges that Defendants have violated 42 U.S.C. § 1985, as well as the Voting Rights Act of 1965. (*Id.* at 16, 19). The "emergency injunction" is his sole request for relief. (*Id.* at 19).

## II. Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and

2

(4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). As explained below, Plaintiff's complaint fails to state a claim for preliminary injunctive relief.

Looking to the first requirement for a preliminary injunction, Plaintiff has not demonstrated a substantial likelihood of success on the merits. Plaintiff has sought relief under 42 U.S.C. § 1985, which is a civil rights conspiracy statute that was created to "stifle the serious class-based deprivation of constitutional rights by private parties, not to serve as a general federal tort law." *Trawinski v. United Tech.*, 313 F.3d 1295, 1299 (11th Cir. 2002). The statute has three subsections: subsection one covers conspiracies that are carried out by force, intimidation or threat to prevent an officer of the United States from performing his or her duties; subsection two provides a cause of action for obstruction of justice performed with an intent to deny any citizen equal protection of the laws; and subsection three provides a remedy for conspiracies designed to deprive a person or class of persons of equal protection or equal privileges and immunities under law. 42 U.S.C. §

1985; *Kivisto v. Miller, Candied, Paddock & Stone, PLC*, 413 F. App'x 136, 139-40 (11th Cir. 2011).

Although Plaintiff has not identified what subsection of § 1985 he is proceeding under, it appears the only potentially applicable subsection would be subsection three. For claims brought under § 1985(3), the plaintiff must show that the conspiracy was "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 829 (1983) (cleaned up). Plaintiff's complaint does not plausibly allege that Defendants' actions were motivated by racial or other invidious class-based discrimination. Thus, he has not established a substantial likelihood of success on the merits for his 42 U.S.C. § 1985 claim as required to obtain a preliminary injunction. *See Chua v. Ekonomou*, 1 F.4th 948, 956 (11th Cir. 2021) (affirming dismissal of claim under 42 U.S.C. § 1985 because the plaintiff failed to allege that the conspiracy resulted from "racial or class-based animus").

To the extent that Plaintiff is also seeking relief under the Voting Rights Act (VRA) of 1965, 52 U.S.C. §§ 10301 *et seq.*, he has failed to establish a substantial likelihood of success on the merits. Plaintiff has not specified what part of the VRA forms the basis of his claim, nor does his complaint contain any facts that could possibly be viewed as stating a viable claim for relief under the VRA. His

4

complaint contains a bare citation to the VRA without any explanation or elaboration. (Doc. 1 at 16, 19).

Because Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claims, his request for a preliminary injunction should be denied. Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's request for preliminary injunctive relief, which is contained in Plaintiff's complaint (Doc. 1), be **DENIED**.

At Pensacola, Florida this 31st day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations regarding dispositive matters and motions for injunctive relief.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**