UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHASE ANDERSON
ROMAGNANO,
    Plaintiff,

vs.                                        Case No.: 3:22cv21803/RV/ZCB

PENSACOLA NEWS JOURNAL,
et al.,
    Defendants.
                                      /

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 seeking relief associated with last November's local elections. (Doc. 1). Since the local elections have passed, on February 12, 2023, the Court ordered Plaintiff to show cause, within thirty days, why his case was not moot. (Doc. 8). The Court also instructed Plaintiff that his "failure to comply with [the Court's] order will result in a recommendation of dismissal of this case." (*Id.* at 2). The time for compliance with the show cause order has expired, and Plaintiff has not responded.

    "Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was filed." *Tanner Adver. Group,*

1

*L.L.C. v. Fayette Cnty*, 451 F.3d 777, 785 (11th Cir. 2006) (cleaned up).  This doctrine is called mootness.  *Id.* ("The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence").  "A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Atlanta Gas Light Co. v. Fed. Energy Regul. Comm'n*, 140 F.3d 1392, 1401 (11th Cir. 1998) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (describing mootness as when "no live dispute between the original parties to the suit" exists).  Generally, a court cannot consider requests for relief that are moot.  *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1448 (11th Cir. 1987) (citation omitted).  Because mootness is jurisdictional in nature, it can be raised by the Court *sua sponte* at any point in the proceeding.  *Nat'l Ad. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005).

Here, Plaintiff filed a complaint requesting an "emergency injunction" as his sole request for relief.  (Doc. 1 at 19).  As best the Court could tell, Plaintiff was seeking an order compelling the four news outlets named as Defendants to provide media coverage of his campaign for a position on the Emerald Coast Utility Authority.  (*Id.* at 5-7).  The Court denied Plaintiff's request for emergency injunctive relief.  (Docs. 5, 7).  And the local elections have since passed.  The Court

2

gave Plaintiff an opportunity to explain why his case was not moot (Doc. 8), and Plaintiff did not respond. Thus, it appears there is no longer a live controversy between the parties in this case, and it has become moot. *See Atlanta Gas Light Co.*, 140 F.3d 1392 at 1401. As such, the case is nonjusticiable and should be dismissed. *See Tallahassee Mem'l Reg'l Med. Ctr.*, 815 F.2d at 1448.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED as moot.**

At Pensacola, Florida, this 31st day of March 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**